Eastern District of Kentucky
FILED

JUN 2 5 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

**V.**                                      INDICTMENT NO. _6:26-Cr-91-SCM_

**MICHAEL BRADLEY MARS and**
**JOSHUA D. REESE**

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

### COUNT 1
**21 U.S.C. § 846**

Beginning on or about a date in March 2025, the exact date unknown, and continuing through on or about November 11, 2025, in Bell, Rockcastle, and Scott Counties, in the Eastern District of Kentucky, and elsewhere,

**MICHAEL BRADLEY MARS and**
**JOSHUA D. REESE**

did conspire together and with others to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

### COUNT 2
**21 U.S.C. § 841(a)(1)**

On or about April 10, 2025, in Rockcastle County, in the Eastern District of

Kentucky, and elsewhere,

**MICHAEL BRADLEY MARS**

did knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance,

in violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**18 U.S.C. § 922(g)(1)**

On or about April 10, 2025, in Rockcastle County, in the Eastern District of

Kentucky,

**MICHAEL BRADLEY MARS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a

term exceeding one year, knowingly possessed firearms, that is: a Kimber, Model Micro,

9mm caliber handgun bearing serial number PB0193638; and a Ruger, .22 LR caliber

handgun bearing serial number 366-03113, and the firearms were in and affecting

commerce, in violation of 18 U.S.C. § 922(g)(1).

**COUNT 4**
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about November 11, 2025, in Scott County, in the Eastern District of

Kentucky,

**MICHAEL BRADLEY MARS and**
**JOSHUA D. REESE,**

aided and abetted by each other, did knowingly and intentionally possess with the intent

to distribute 500 grams or more of a mixture or substance containing a detectable amount

of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## 21 U.S.C. § 851 ENHANCEMENT

Before **MICHAEL BRADLEY MARS** committed the offense charged in Counts One and Four of the Indictment, **MICHAEL BRADLEY MARS** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 846, conspiracy to possess with intent to distribute 100 or more grams of heroin, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offenses charged in Counts One and Four.

## FORFEITURE ALLEGATION
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)(1)
### 28 U.S.C. § 2461

1.      By virtue of the commission of the felony offenses alleged in Counts 1, 2, and 4 of the Indictment, **MICHAEL BRADLEY MARS** and **JOSHUA D. REESE** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. §§ 841 and 846, and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 841 and 846. Any and all interest that **MICHAEL BRADLEY MARS** and **JOSHUA D. REESE** have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.　　By virtue of the commission of the offenses alleged in Count 3 of the Indictment, **MICHAEL BRADLEY MARS** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. § 922(g). Any and all interest that **MICHAEL BRADLEY MARS** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461

3.　　The property to be forfeited includes, but is not limited to, the following:

**<u>CURRENCY</u>:**
Approximately $1,085.00 in U.S. currency seized on or about November 11, 2025.

**<u>FIREARMS AND AMMUNITION</u>:**
a.　Kimber, Model Micro, 9mm caliber handgun bearing serial number PB0193638;
b.　Ruger, .22 LR caliber handgun bearing serial number 366-03113; and
c.　All associated ammunition and accessories.

4.　　If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

**ANDREW H. TRIMBLE**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

### COUNTS 1 & 4

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

### COUNT 2

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **If Prior Felony Drug Offense:** Not more than 30 years imprisonment, not more than a $2,000,000 fine, and at least 6 years supervised release.

### COUNT 3

Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

**PLUS:**     Mandatory special assessment of $100 per count.

**PLUS:**     Forfeiture of listed items.